# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EULALIA GALLEGOS, | ) | 1:04cv5486 DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) ) | ORDER REGARDING PLAINTIFF'S MOTION FOR FEES AND COSTS |
| v. | ) ) | (Document 28) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on a petition for attorneys' fee under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on July 2, 2007, by Plaintiff's attorney, Harvey Sackett.  The Commissioner filed an opposition on July 31, 2007, arguing that the fee request should be denied because his position throughout the litigation was substantially justified.

The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.  On August 13, 2004, the Honorable Anthony W. Ishii reassigned the case to the undersigned for all purposes.

1

**BACKGROUND**

On April 3, 2002, an ALJ determined that Plaintiff was not disabled.

On March 25, 2004, Plaintiff commenced the instant action. This Court issued an order denying Plaintiff's appeal on February 23, 2005.

Plaintiff appealed this Court's decision to the Ninth Circuit. On April 20, 2007, the Ninth Circuit reversed the decision and remanded the action. On June 19, 2007, pursuant to the Ninth Circuit's order, this Court issued an order remanding the action to the ALJ for clarification of the alleged disability date and determination of the case in accordance with that date.

Mr. Sackett filed this motion on July 7, 2007, requesting $10,712.07 in attorneys' fees and $759.72 in costs. The Commissioner opposed the motion on July 31, 2007.

**DISCUSSION**

Under the EAJA, a prevailing party will be awarded reasonable attorneys' fees, unless the government demonstrates that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A). An award of attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

Here, the Commissioner opposes the request because he contends that his position throughout the litigation was substantially justified.[2] To show substantial justification for conduct, the Commissioner has the burden of establishing that the conduct had a reasonable basis both in law and fact based on the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). The Commissioner is substantially justified if his position met "the traditional reasonableness standard-that is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'" *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (internal citations omitted). The Supreme Court has explained that "a position can be justified even though it is not correct, and we believe it can be substantially ... justified ... if it has a

---

[2] The Commissioner states that if this Court awards fees, he "has determined that counsel has a valid fee agreement which would allow fees to be awarded to counsel as Plaintiff's assignee." The Commissioner makes no argument as to the reasonableness of the request.

2

reasonable basis in law and fact." *Id.* (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988)).  The Commissioner's position must be substantially justified "with respect to the issue on which the court based its remand." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

To analyze whether the Commissioner's position was substantially justified, a review of the prior proceedings is necessary.  In the ALJ's decision denying Plaintiff's claim for disability, he determined that despite her severe impairments, she could return to her past relevant work as a line worker. AR 26.  Before this Court, Plaintiff argued, among other things, that the ALJ improperly determined that she could return to her past relevant work as a line worker because it was last performed in 1986 and thus, was outside of the relevant 15 year period prior to the ALJ's 2002 decision.  She also argued that the limited earnings in 1989 did not constitute substantial gainful activity ("SGA").  The Commissioner opposed this argument on the basis that the 15 year period encompassed 1987 and that Plaintiff had performed work in that year, and that her work in 1986 and 1989 constituted SGA.  The Court upheld the ALJ's determination and explained as follows:

> Here, the ALJ found that Plaintiff had past relevant work as a line worker. AR 26.  During the hearing, Plaintiff testified that for the last 15 years, she worked only as a line worker in canneries, and that she stopped working in 1989. AR 324.  She further explains that this was seasonal work. AR 324.  On her application, Plaintiff states that she was a line worker in canneries from 1976 to 1986, and again in October 1988. AR 80. According to her application, she stopped working in October 1988. AR 80.  The ALJ issued his decision in 2002, and the 15 year period therefore extends back to 1987 and includes her employment in 1988/1989.[3]
>
> Although it appears that Plaintiff only worked for a short time in 1988, it was likely long enough for her to learn how to do the job, considering the nature of the job and that she had performed the job for ten years prior to 1988.  Moreover, the VE testified that Plaintiff's position had a Specific Vocational Preparation ("SVP") of 2, meaning that the job could be learned by anything beyond short demonstration up to and including one month. AR 337; *Dictionary of Occupational Titles*, Appendix C (4th ed. 1991).  Finally, Plaintiff argues that her limited earnings in 1989 preclude the work from qualifying as substantial gainful activity.  However, the $1,244.84 earned in one month in 1989 was sufficient, as low-earning, seasonal work may be considered substantial gainful activity. *See Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000) (finding that the low wages earned during seasonal fruit-picking were the result of the claimant's decision to work seasonally, rather than an indicator of the physical or mental ability to work the entire year); 20 C.F.R. § 404.1574(b)(2)(vi), (vii) (A claimant's earnings "will ordinarily show"

---

[3] Although there is some discrepancy as to when Plaintiff stopped working, using either the 1988 or 1989 date yields the same result - Plaintiff was employed as a line worker in a cannery during the relevant time period.

3

> that a claimant has engaged in substantial gainful activity if the "earnings averaged more than $300 a month in calendar years after 1979 and before 1990...")

Order dated Feb. 23, 2005, at 12-13.

Plaintiff appealed this Court's decision to the Ninth Circuit, arguing that the ALJ failed to consider whether her one month of work in either 1988 or 1989 as a cannery line worker constituted an unsuccessful work attempt as defined by SSR 84-25. Recognizing that Plaintiff had the burden of proof at step four of the sequential evaluation process, the Commissioner argued that Plaintiff had not submitted any probative evidence or testimony that established that her work within the last 15 years was not SGA. Instead, the Commissioner believed that her testimony implied that the seasonal work of cannery line worker was her regular job.

After briefing and oral argument, the Ninth Circuit reversed and remanded the action for further proceedings. The Court explained that the application of SSR 84-25 hinges on the date of onset of disability, i.e., the work attempt must occur *after* the alleged onset date. However, the date of disability was not clear from the ALJ's decision. The action was therefore remanded to the Commissioner for clarification of the alleged disability date and determination of the case in accordance with that date. In a concurring opinion, Judge Cudahy, sitting by designation from the Seventh Circuit, found that Plaintiff's one month of work did not constitute SGA and therefore was not past relevant work experience, regardless of the exact date of disability.

In a dissenting opinion, Judge Wallace disagreed with the majority opinion "to the extent it has two votes" because he believed that the evidence was "susceptible to the rational interpretation that Gallegos had past relevant work experience." Judge Wallace would have affirmed the opinion of this Court.

Based on this record, the Commissioner believes that the evidence was susceptible to more than one rational interpretation and that his position was therefore substantially justified. The Court agrees. As demonstrated by the procedural posture of this action, the evidence was open to more than one rational interpretation. In such cases, an ALJ's rational finding is entitled to deference and a finding that the Commissioner's position advocating for such a result was unjustified is untenable. Indeed, the reviewing courts reached differing conclusions,

1  demonstrating that the record was open to reasonable interpretation.  "Obviously, the fact that
2  one other court agreed or disagreed with the Government does not establish whether its position
3  was substantially justified.  Conceivably, the Government could take a position that is not
4  substantially justified, yet win; even more likely, it could take a position that is substantially
5  justified, yet lose.  Nevertheless, a string of losses can be indicative; and even more so a string of
6  successes."  *Pierce,* 487 U.S. at 569.

7       Accordingly, because the Court finds that the Commissioner's position was substantially
8  justified, the motion for EAJA fees is DENIED.

9     IT IS SO ORDERED.

10     **Dated:   October 30, 2007**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE